BANGOR PUBLISHING COMPANY

v.

CITY OF BANGOR.

Supreme Judicial Court of Maine.

Argued May 9, 1988.
Decided July 6, 1988.

---

**734**

Bernard J. Kubetz (orally), William B. Devoe, Eaton, Peabody, Bradford & Veague, Bangor, for plaintiff.

Robert E. Miller (orally), City Sol., Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Plaintiff Bangor Publishing Company, publisher of the *Bangor Daily News*,[1] appeals the denial by the Superior Court (Penobscot County) of its request for an order that defendant City of Bangor (City) make public the names and addresses of unsuccessful applicants for appointment as the City's chief of police. We conclude that the names and addresses requested by the Bangor Daily fall within the definition of "public records" under the Maine Freedom of Access Act, 1 M.R.S.A. §§ 401–410 (1979 & Supp.1987), and are not otherwise protected by statute from disclosure. We accordingly reverse the Superior Court judgment.

This dispute arose in April 1987 when a reporter for the Bangor Daily requested that the City provide him with the names and addresses of applicants for the vacant position of police chief. The City in its public advertisements of the vacancy had declared that all resumes and applications received would be confidential. Accordingly, the city manager on May 1 denied the request. The Bangor Daily, acting through counsel, responded to that denial by renewing its request on May 14 and by filing on May 18 a one-count complaint alleging that the May 1 denial violated the Freedom of Access Act. On May 26 the City denied the renewed request, and that same day the Bangor Daily filed what it called an "amended complaint" adding to its original complaint a second count appealing the City's second denial. On September 9 the Superior Court granted the Bangor Daily's motion under M.R.Civ.P. 15(d) to file a supplemental pleading, through which it simply recaptioned its May 26 amended complaint as a supplemental pleading. At the same time, the court denied the City's motion for summary judgment, in which the City contended that the Bangor Daily had failed to file a proper complaint within 10 days of the denial of its requests, as required by the Act. Hearing on the complaint itself took place that same day, and the court entered judgment in favor of defendant City. The Bangor Daily appealed and the City cross-appealed.

■ As an initial matter, we disagree with the City's contention on cross-appeal that the Bangor Daily failed to file a timely appeal to the Superior Court under the

---

1. In this opinion plaintiff is referred to as the     Bangor Daily.

Freedom of Access Act. At the time this dispute arose, that Act provided:

> If any body or agency or official, who has custody or control of any public record, shall refuse permission to so inspect or copy or abstract a public record, this denial shall be made by the body or agency or official in writing, stating the reason for the denial, within 10 days of the request for inspection by any person. *Any person aggrieved by denial may appeal therefrom, within 10 days of the receipt of the written notice of denial, to any Superior Court within the State.*

1 M.R.S.A. § 409(1) (1979) (emphasis added).[2] The sole count in the Bangor Daily's original complaint filed on May 18 concerned the City's refusal on May 1 to provide the requested information. That count, filed beyond the 10–day limit, was time-barred and should have been dismissed. The Bangor Daily's amended complaint, however, filed under M.R.Civ.P. 15(a) on May 26 and before the City had entered a responsive pleading, included a second count appealing the City's denial that very day of the second request for the information. That count was clearly timely.

██ We reject the City's additional contention that the Bangor Daily's amended complaint should have been in the form of a supplemental pleading, which under M.R. Civ.P. 15(d) may be filed only with court approval, since the additional count alleged matters that occurred after the original filing. Such a requirement does not apply when, as is the case here, a party is amending his "pleading once as a matter of course at any time before a responsive pleading is served...." M.R.Civ.P. 15(a). Under Rule 15(a) the Bangor Daily was free to add without court approval a count for the City's second refusal to make available the requested information. Adding that count could not have prejudiced the City "since by definition [it] ha[d] not even

served [its] responsive pleading and therefore probably ha[d] not relied to any appreciable extent on the contents of the original pleading." 6 Wright & Miller, *Federal Practice and Procedure* § 1480, at 405 (1971).

On the Bangor Daily's underlying claim, the Freedom of Access Act required the City to make available to the Bangor Daily the names and addresses of applicants for chief of police. In pertinent part section 408 of that Act states:

> *Except as otherwise provided by statute,* every person shall have the right to inspect and copy any public record during the regular business hours of the custodian or location of such record....[3]

1 M.R.S.A. § 408 (1979) (emphasis added). The Act defines "public records" as

> any written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or custody of an agency or public official of this State or any of its political subdivisions *and has been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business....*

*Id.* § 402(3) (Supp.1987) (emphasis added). The Act then proceeds to set out a number of exceptions to that definition, the only one of relevance here being for "[r]ecords that have been designated confidential by statute." *Id.* § 402(3)(A).

██ The City concedes as it must that the names and addresses contained in the applications for the job as police chief constitute "information relating to the transaction of public or governmental business." The City maintains, however, that 30 M.R. S.A. § 2257 (Supp.1987) accords job applications explicit statutory protection against

---

**2.** Effective September 29, 1987, the appeal period was shortened to 5 working days. P.L.1987, ch. 477, § 5.

**3.** The omitted portion of section 408 requires the requesting party to pay certain costs and to avoid delaying or inconveniencing the regular activities of the public agency or official. This case raises no issue in either regard.

public disclosure. Section 2257 provides in relevant part:

1. **Confidential records.** The following records shall be confidential and not open to public inspection, and shall not be "public records" as defined in [1 M.R.S.A. § 402(3)]:

A. Working papers, research materials, records and the examinations prepared for and used specifically in the examination or evaluation of applicants for employment by that municipality;

In the City's view, that statutory exception for "[w]orking papers, research materials, [and] records" used in evaluating job applicants must necessarily include the resumes and applications received by the City. We disagree.

Because the Freedom of Access Act mandates a liberal construction of its terms, 1 M.R.S.A. § 401 (1979), we must interpret strictly any statutory exceptions to its requirements. *See Wiggins v. McDevitt*, 473 A.2d 420, 423 (Me.1984); *Moffett v. City of Portland*, 400 A.2d 340, 348 (Me.1979). The specific enumeration in section 2257 of working papers, research materials, and examinations makes clear that the legislature intended by that statute to protect from disclosure those materials prepared by the municipality itself as part of its testing and evaluation of job applicants—in essence the municipality's own work product, as opposed to documents sent by applicants to enter themselves in the competitive application process.

Such a plain reading of the statutory language receives support from the legislative history of section 2257. Prior to the enactment in 1979 of section 2257 in substantially its current form, the legislature had thrown the cloak of confidentiality around applications and resumes submitted only by applicants for state employment, providing no analogous protection to applicants for municipal employment. *Compare* 5 M.R.S.A. § 554 (1979) *with* 30 M.R.S.A. § 2257 (1978). In 1979, however, the legislature revised 5 M.R.S.A. § 554 and 30 M.R.S.A. § 2257, both to remove any disparity in the protection of confidentiality those statutes offered to the records of

municipal and state employees and also to eliminate any protection earlier given to applications and resumes for jobs on the state level. *See* P.L.1979, ch. 403 (now codified at 5 M.R.S.A. § 7070 (Pamph.1987) and 30 M.R.S.A. § 2257 (Supp.1987)). The legislature thereby made clear, and has not since changed its view, that it wanted to accord the same confidentiality protections to the records of state and municipal employees and that applications and resumes submitted for those job positions would not be among the records protected. By that legislative history supporting the plain reading of section 2257, the applications and resumes submitted by applicants for the position of chief of police in Bangor receive no specific guarantee of confidentiality. Since those materials are not specifically excepted by statute from the requirements of the Freedom of Access Act, the names and addresses contained therein must be made available to the Bangor Daily. *Cf. Wiggins v. McDevitt*, 473 A.2d at 422 (disclosure required of certain information in public official's income tax returns).

■ We also reject the only other argument made by the City, that it properly refused to comply with the Bangor Daily's request since the newspaper in fact sought a nonexistent "list" of names and addresses and the Freedom of Access Act does not require a governmental entity to take affirmative steps to gather and compile requested information. *See* 1 M.R.S.A. § 408. Despite the absence of such a requirement, when a person requests information that falls within the Act's disclosure requirements and a governmental entity knows that it has particular records containing that information, the entity must at least inform the requesting party that the material is available and that he may come in and "inspect and copy" the information sought.

Finally, we note the concern expressed by the City that public disclosure of the names and addresses of job applicants may inhibit its efforts to recruit the best available people for its openings. That concern, which apparently led to the City's advertised guarantee of confidentiality, is more

properly addressed to the legislature than to the judiciary, who must apply what the legislature has plainly dictated.

The entry is:

Judgment vacated. Remanded to Superior Court for entry of an order that the City make available for plaintiff's inspection the names and addresses requested.

All concurring.