GUY GANNETT PUBLISHING CO.

v.

MAINE DEPARTMENT OF PUBLIC SAFETY et al.

Supreme Judicial Court of Maine.

Argued Jan. 5, 1989.

Decided Feb. 10, 1989.

Jonathan S. Piper, Bruce C. Gerrity (orally), Preti, Flaherty, Beliveau & Pachios, Augusta, for plaintiff.

John C. McCurry (orally), Maine State Employees Ass'n, Augusta, for defendants.

Julie M. McKinley (orally), Bureau of Employee Relations, Augusta, for D.P.S.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

McKUSICK, Chief Justice.

In this action under the Freedom of Access Act, 1 M.R.S.A. §§ 401–410 (1979 & Supp.1988), plaintiff Guy Gannett Publishing Company sought disclosure of a letter of discipline issued by defendant Department of Public Safety (DPS) to an investigator in the state fire marshal's office. Defendant Maine State Employees Association (MSEA)[1] appeals the order of the Superior Court (Kennebec County; *Alexander, J.*) requiring DPS to disclose the letter. Gannett cross-appeals a subsequent order denying its motion for contempt. Because Gannett failed to commence this action within five days of DPS's denial of its request for information, as required by 1 M.R.S.A. § 409(1) (Supp.1988),[2] we conclude that the action should have been dismissed as untimely.

This dispute had its beginning in a request on May 16, 1988, by the *Kennebec Journal*, a Gannett newspaper, that DPS disclose a letter of discipline dated May 13, 1988, issued by DPS to a state fire investigator. On May 24, DPS denied the request, stating that final disciplinary action had not yet been taken. Seventeen days later, on June 10, Gannett commenced this action in the Superior Court. In their responses to Gannett's complaint, both DPS and MSEA raised the affirmative defense of Gannett's failure to file its action within five days of DPS's denial, as required by section 409(1) of the Freedom of Access Act. The Superior Court recognized that this action had not been brought within the prescribed time limit. Nonetheless, because Gannett could simply renew its request for information and then bring a timely action if DPS again denied the request, the court went on to adjudicate the merits of the case.

On the merits, the Superior Court on June 29 ordered DPS to disclose the May 13 letter of discipline and denied a request for a stay pending appeal. MSEA appeals from that order. DPS delivered the letter of discipline to Gannett on June 29, the same day the court ordered disclosure. Gannett promptly filed a motion for contempt contending that DPS had not complied fully with the court's June 29 disclosure order; because the May 13 letter of discipline referred to an earlier letter dated February 25, 1988, Gannett argued the earlier letter should also have been disclosed. On July 11, the Superior Court denied the contempt motion and Gannett appeals that denial.

We note, first of all, that Gannett has obtained disclosure of the May 13 letter. That letter the Superior Court held was a "final written decision" in a personnel discipline matter, which is not confidential under 5 M.R.S.A. § 7070(2)(E) (Pamph.1988). Having obtained the May 13 letter, Gannett would have nothing to appeal *except for the fact* that Gannett on its appeal from the denial of its contempt motion contends that it is also entitled to obtain the February 25 letter. We do not reach the merits of Gannett's contempt motion, however, because its original action in the Superior Court was not brought within the time prescribed by the Freedom of Access Act.

The statutory requirement of section 409(1) that any court action be commenced within five days after the denial of a request for information is absolutely clear. See n. 2 above. Furthermore, our decision in *Bangor Publishing Co. v. City of Ban-*

1. MSEA, as the union representing the fire investigator, was permitted to intervene as a defendant in this action.

2. Section 409(1) provides in pertinent part:
   If any body or agency or official, who has custody or control of any public record, shall refuse permission to so inspect or copy or abstract a public record, this denial shall be made by the body or agency or official in writing, stating the reason for the denial, within 5 working days of the request for inspection by any person. Any person aggrieved by denial may appeal therefrom, within 5 working days of the receipt of the written notice of denial, to any Superior Court within the State.

*gor,* 544 A.2d 733 (Me.1988), requires a strict application of the plain language of the statute. In the *Bangor* case, which arose at a time when the filing period was ten days rather than five, we determined that the plaintiff's original one-count complaint, filed beyond the ten-day limit, should have been dismissed. *Id.* at 735. In that case, however, the plaintiff's amended complaint, containing a second count appealing the City's denial of a second request for information, was timely with respect to that second count. *Id.* Thus, under the Act and our *Bangor* decision, a party seeking disclosure is free to request the information more than once, but a party may seek judicial review of any denial only within the time period clearly established by section 409(1).

The Superior Court's rationale for hearing the case on the merits, based as it was on notions of judicial economy, overlooks the plain language of the statute. Moreover, the Superior Court's conclusion is based on a string of assumptions that after dismissal Gannett would make a second request for information, that the agency would refuse to make the information available, and that Gannett would start another court proceeding. All three events will by no means necessarily follow a dismissal. It is not for us to speculate on the future action and interaction of the parties.

Finally, we find no merit whatever in Gannett's argument that because DPS took eight days to respond to Gannett's request for information rather than the five days prescribed by section 409(1), Gannett was free to disregard the five-day limit on appealing DPS's denial. If Gannett had any remedy for DPS's violation of section 409(1), it was not to emulate DPS's disregard for the plain requirements of the statute.

The entry is:

Judgment of June 29, 1988, vacated. Remanded to the Superior Court with instructions to dismiss the action.

All concurring.