1997 ME 119

**Jere SCOLA et al.**

v.

**TOWN OF SANFORD.**

Supreme Judicial Court of Maine.

Argued April 8, 1997.

Decided May 29, 1997.

Joseph M. Wrobleski, Jr. (orally), Saco, for plaintiffs.

William H. Dale (orally), Sally J. Daggett, Jensen Baird Gardner & Henry, Portland, for Town of Sanford.

Catherine R. Connors (orally), Christopher E. Howard, Marcia A. Metcalf, Pierce Atwood, Portland, for Rainbow Rugs.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] This appeal involves two cases that were consolidated for trial. In the first case, Jere Scola and five others contend that the approval by the Sanford town meeting[1] of a tax increment financing (TIF) proposal violated the Freedom of Access Act, codified at 1 M.R.S.A. § 401–410 (1989 & Supp.1996). In the second case, Daniel Prime and five others contend that the Sanford board of selectmen's appointment of an interim town treasurer also violated the Act. Following a nonjury trial, the Superior Court (York County, *Brennan, J.*) entered judgments in favor of the Town in both cases. We affirm the judgments.

I.

The TIF Proposal

[¶ 2] In October 1995 the Town was presented with a proposal to grant TIF status to Rainbow Rugs, Inc., a Sanford business, in order to assist the company in expanding its operations. Pursuant to Sanford's form of government, the proposal had to be submitted to a town meeting that was scheduled for late November 1995. The proposal was first considered by the board of selectmen, which then referred it, in the form of a warrant article, to the warrant committee of the town meeting. The article was then assigned for study to the research and investigation subcommittee of the warrant committee.

[¶ 3] Jere Scola, a former employee of Rainbow Rugs, was an outspoken critic of the TIF article. He spoke against it at warrant committee meetings on October 12 and 19, 1995. At a meeting on October 26, the re-

---

1. Sanford has a representative town meeting composed of 147 elected members.

search and investigation subcommittee moved for approval of the TIF article. After debate, the full committee voted to recommend the article favorably to the town meeting.

[¶ 4] The town meeting took place on November 21, 1995. Immediately before the meeting, a hearing was held at which Scola spoke against the TIF article. Sometime before November 21, each of the 147 town meeting members received from Rainbow Rugs a copy of the TIF proposal and from Scola a package of information in opposition to the proposal. Following lengthy debate on the TIF article, it was approved by the town meeting by a vote of 55 to 54.

[¶ 5] In his complaint, Scola alleges that the research and investigation subcommittee conducted meetings on the TIF article in violation of sections 403 and 406 of the Freedom of Access Act. Section 403 provides that "all public proceedings shall be open to the public, [and] any person shall be permitted to attend any public proceeding." 1 M.R.S.A. § 403 (1989). Section 406 requires that public notice be given of all public proceedings.[2] Scola seeks two remedies. First, he asks for the invalidation,pursuant to section 409(2),[3] of the warrant committee's favorable recommendation of the TIF article and the town meeting's approval of the article. Both actions, he contends, are products of the allegedly tainted meetings of the research and investigation subcommittee. Second, Scola seeks the imposition on the Town of a monetary civil penalty pursuant to section 410.[4]

[¶ 6] The court correctly found that Scola's allegations do not warrant the nullification of the town meeting vote. The record does not demonstrate that the research and investigation subcommittee conducted meetings in violation of the Freedom of Access Act. In addition, the TIF article was publicly debated prior to its open approval by both the warrant committee and the town meeting, which Scola concedes was conducted in compliance with the Act.

[¶ 7] Moreover, Scola is not entitled to seek a monetary civil penalty pursuant to section 410. As we recently concluded in *Cook v. Lisbon School Comm.*, 682 A.2d 672 (Me.1996), which was decided after the trial court's entry of the judgments in the instant case, only the Attorney General or his representative may enforce the Freedom of Access Act by seeking the imposition of a fine pursuant to section 410. *Id.* at 680. See 17–A M.R.S.A. § 4–B (Supp.1996) ("All civil violations are ... enforceable by the Attorney General ... in a civil action to recover ... a fine, penalty or other sanction.:....").

## II.

### The Appointment of an Interim Treasurer

[¶ 8] In December 1995 the newly elected Sanford town treasurer, whose term of office was to begin on January 1, 1996, resigned unexpectedly. On January 2, 1996, the board of selectmen publicly solicited applications for the position of interim treasurer. A special meeting of the board was scheduled for January 9, 1996, for the announced purpose of going into executive session to review ap-

---

2. 1 M.R.S.A. § 406 (1989)provides in relevant part:

   Public notice shall be given for all public proceedings as defined in section 402, if these proceedings are a meeting of a body or agency consisting of 3 or more persons. This notice shall be given in ample time to allow public attendance and shall be disseminated in a manner reasonably calculated to notify the general public in the jurisdiction served by the body or agency concerned.

3. 1 M.R.S.A. § 409(2) (1989) provides in relevant part:

   2. **Actions.** If any body ... approves any ordinances ... or other official action in an

executive session, this action shall be illegal and the officials responsible shall be subject to the penalties hereinafter provided. Upon learning of any such action, any person may appeal to any Superior Court in the State. If a court, after a trial de novo, determines this action was taken illegally in an executive session, it shall enter an order providing for the action to be null and void.

4. 1 M.R.S.A. § 410 (1989) provides: "For every willful violation of this subchapter, the state government agency or local government entity whose officer or employee committed the violation shall be liable for a civil violation for which a forfeiture of not more than $500 may be adjudged."

plicant resumes. The meeting was convened as scheduled. After retiring to executive session and considering the applications, the board returned to public session and voted to appoint Elizabeth Thayer for the two-year duration of the unexpired treasurer's term.

[¶ 9] In his complaint, Daniel Prime alleges that Thayer's appointment was made in a nonpublic proceeding, in violation of the requirement in section 403 that "all public proceedings shall be open to the public." Prime also contends that the announcement of the January 9, 1996, special meeting violated the requirements of notice in section 406 because it implied the board would only review applications and not vote on an appointment. Although Prime says he has "no complaint" about the board's decision to appoint Thayer over the other candidates, he takes issue with the board's decision as to the duration of her appointment. By way of relief, Prime does not seek to have Thayer's appointment declared void pursuant to section 409(2). Instead, he seeks only the imposition on the Town of a nominal monetary penalty pursuant to section 410.

[¶ 10] We agree with the trial court that Prime is not entitled to the relief he seeks. As discussed above, only the Attorney General or his representative may enforce the Freedom of Access Act by pursuing the imposition of a fine pursuant to section 410. *Cook v. Lisbon School Comm.*, 682 A.2d at 680.

The entry is:

Judgments affirmed.

