STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, SS                                          DOCKET NO. AP-05-026

SOUTH PORTLAND POLICE
PATROLMAN'S ASSOCIATION
and POLICE COMMAND AND
SUPERVISORY UNIT,

      Petitioners

      vs.                                              ORDER ON 80B APPEAL

CITY OF SOUTH PORTLAND
                  OCT 31 2005

      Respondent

Before the court is Respondent City of South Portland's (the "City")
motion for Summary Judgment on an appeal brought by Petitioners South
Portland Police Patrolman's Association and the Police Command and
Supervisory Unit, (the "Associations") pursuant to M.R.Civ.P. 80B.

The Associations appeal the City's denial of access to a report (the
"Report") produced in March of 2005 by City of South Portland Human
Resource Director Beth Drennan-Bates. This report is the product of an internal
affairs investigation. The Associations claim, on information and belief, that the
Report includes matters relating to management practices within the police
department as a whole, which are discoverable under Maine's Freedom of
Access Act, 1 M.R.S.A. § 401 et seq. ("FOAA").

The parties agree that the legal issue in this matter is whether the Report is
a public document accessible under the Freedom of Access Act, 1 M.R.S.A. § 401
et seq. ("FOAA") or whether it falls within the personnel records exemption to
the FOAA, 30-A M.R.S.A. § 2702. The City has produced a copy of the Report for

the court's inspection, and argues that in camera review of this document is all that is needed for the court to render summary judgment in this matter. The court agrees that this matter is ripe for summary judgment, and that the Associations are able to, and have capably responded to the City's legal argument that the Report is protected from access under the personnel records exemption to the FOAA.

## I.    Is the Report Protected Under the Personnel Records Exemption to the FOAA?

The FOAA states in part, "Public proceedings exist to aid in the conduct of the people's business. It is the intent of the Legislature that. . . the records of their actions be open to public inspection." 1 M.R.S.A. § 401. § 402 of the FOAA further states,

> 'public records' means any written. . . matter. . . that is in the possession or custody or an agency or public official of this State or any of its political subdivisions. . . and has been received or prepared for use in connection with the transaction of public or governmental business. . . except: (A) Records that have been designated confidential by statute.

30-A M.R.S.A. § 2702 states, with explicit reference to the FOAA, that

> municipal records pertaining to an identifiable employee. . . contain[ing] [c]omplaints, charges or accusations of misconduct, replies to those complaints, charges or accusations and any other information or materials that may result in disciplinary action [are] . . . confidential. . . If disciplinary action is taken, the final written decision relating to that action is no longer confidential after the decision is completed if it imposes or upholds discipline.

The Law Court has interpreted the purpose of this exemption as a protection for municipal employees from public disclosure of any of their personnel records except the final written report of any disciplinary action taken against them. *Lewiston Daily Sun v. City of Lewiston*, 596 A.2d 619. Thus, to the extent the Report contains information concerning complaints against a specific employee,

it is exempted from disclosure under § 2702. *See id.* Additionally, even if the investigation resulted in disciplinary action, the statute allows access only to a final written decision relating to that action. The Report is itself *not* the "final written decision" which imposes discipline, thus, to the extent it is confidential, it remains so under § 2702, even if discipline has been imposed.

A different question arises with respect to information in the Report not directly related to an identifiable employee. The Law Court has stated that the FOAA mandates a liberal construction of its terms, and that courts therefore are required to interpret strictly any statutory exceptions to its requirements. *Bangor Pub. Co. v. City of Bangor*, 544 A.2d 733, 736 (ME 1988). § 2702 by its terms only exempts from the FOAA records pertaining to an identifiable employee. The Report is a mixed product of employee critique and recommendations involving the whole department. Therefore, the information that is not employee-specific should be made available to the Associations under the FOAA. *See id.* Accordingly, the court has redacted those portions of the Report that are confidential under FOAA.

A copy of this order with the redacted Report is to be provided to Respondent and a copy of this order without the redacted Report is to be provided to Petitioners. If no timely appeal is taken from this order by Respondent, then the redacted Report shall be provided to Petitioners. If this order is timely appealed by Respondent, the redacted Report will remain impounded pending resolution of the appeal.

The entry is:

Respondent's motion for summary judgment is GRANTED.  The redacted Report is to be released to Petitioners upon expiration of the appeal period.

Dated at Portland, Maine this _30th_ day of _September_, 2005.

Robert E. Crowley
Justice, Superior Court

Date Filed 05/05/05      CUMBERLAND      Docket No. AP-05-26

County

Action 80B APPEAL

SOUTH PORTLAND POLICE PATROL             CITY OF SOUTH PORTLAND
ASSOCIATION
SOUTH PORTLAND POLICE COMMAND &
SUPERVIOSRY UNIT

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DANIEL R. FELKEL, ESQ.<br>PO BOX 9711<br>PORTLAND, ME 04104-5011<br>780-6789 | Mary Kahl, Esq.<br>PO BOX 9422<br>SOUTH PORTLAND, ME 04116-9422<br>207-767-7605 |

Date of
Entry