STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-066

WENDY JIMMO,

Plaintiff

v.                                    ORDER

TOWN OF ACTON, et al.,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

OCT 1 2 2006

This matter comes before the Court on Plaintiff Wendy Jimmo's ("Jimmo") Rule 80B summary appeal against Defendants, the Town of Acton and Nancy Ruma, Anthony Cogliandro and James Driscoll, members of the Town's Board of Selectmen (collectively referred to as the "Town"), under the Freedom of Access Act ("FAA"), 1 M.R.S.A. §§401-410 (2005).

**FACTUAL BACKGROUND**

On November 1, 2005, Jimmo requested in writing that the Town produce documents per the FAA. Specifically, Jimmo sought documents "alleging any wrongdoing" on the part of Randy Goodwin, Jason Averill, and Paris Property Services, along with the Town's written policy manual and policies pertaining to employees and subcontractors, discipline or discharge of employees, and sexual harassment. The Town did not immediately respond. Jimmo had the Town served with a Complaint for Summary Appeal under the FAA on December 6, 2005, which was later filed with this Court.

On December 14, 2005, the Town informed Jimmo that it was willing to produce any of the non-confidential documents she requested in accordance with Maine law. But, it noted that while disciplinary action against "identifiable employee[s]" was pending, any documents relating to those matters were confidential. Consequently, the Town refused to produce those documents until final action was taken, at which point the records would no longer be confidential per 30-A M.R.S.A. §2702 (2005). On January 18, 2006, the Town produced its sexual harassment policy, including disciplinary and other procedural information, as well as its findings and conclusions in the personnel matter of Randy Goodwin.

In her brief, Jimmo contends that the Town ignored FAA requirements by failing to respond within the time limit and by refusing to produce all of the requested information, which she claims is not subject to any statutory exception. Additionally, she argues that these actions and omissions warrant forfeiture and an award of her attorney's fees and costs. The Town argues that it did comply with the FAA by producing non-confidential documents; that Jimmo, as a private individual, cannot seek a financial penalty such as forfeiture under the FAA, and that no award of fees and costs is justified.

**DISCUSSION**

1. <u>Statutory right of appeal.</u>

The FAA provides that records of public proceedings should be open to public inspection. 1 M.R.S.A. §401 (2005). If an agency refuses to produce records when requested, it must do so within five days. 1 M.R.S.A. §409(1) (2005). When a custodian of a public record refuses to provide it upon request, a "person aggrieved by [the] denial may appeal therefrom, within five working days of the receipt of the written notice of denial, to any Superior Court within the State." *Id.* M.R. Civ. P. 80B controls

such review of governmental actions. "The party alleging a violation of the Act, however, has the burden of producing probative evidence before the Superior Court sufficient to support a finding that the Act has been violated." *Chase v. Town of Machiasport*, 1998 ME 60, ¶9, 721 A.2d 636, 639. This Court will require disclosure if it finds that the "denial was not for just and proper cause." 1 M.R.S.A. §409(1).

2. <u>Was the Town required to produce the documents?</u>

The FAA requires access to the public records of municipal entities upon request for strong public policy reasons. 1 M.R.S.A. §401. "Public records" is a broadly defined term, but "records that have been designated confidential by statute" are exempt from disclosure requirements. 1 M.R.S.A. §402(3)(A). Records declared confidential by statute include "municipal records pertaining to an identifiable employee" concerning "complaints, charges or accusations of misconduct, replies to those complaints, and any other information or materials that may result in disciplinary action." 30-A M.R.S.A. §2702(B)(5) (2004). The rationale behind this exclusion is that "the Legislature intended to create a distinction between 'complaints, charges or accusations' of misconduct and disciplinary action itself...to protect public employees against the disclosure of unfounded charges of misconduct." *Doe v. Dept. of Mental Health, Mental Retardation and Substance Abuse Services*, 1997 ME 195, ¶12, 699 A.2d 422, 425 (Roberts, J., dissenting).

In this case, the Town produced the final report for the employee whose disciplinary process had been completed, but withheld documents where the disciplinary process was incomplete. Under these facts, the Town's refusal to provide confidential information was "just and proper."

Jimmo also requested "any and all personnel policies or policy manual governing the Town of Acton employees and/or its subcontractors." In response, the Town produced its sexual harassment policy and disciplinary and educational

3

procedures, which Jimmo had also sought. If other information about general employee policy and procedure exists, however, that information would not fall within the §2702 umbrella of confidentiality and should be produced under the FAA.

### 3. Is a forfeiture under §410 appropriate in this case?

Any state entity that violates the FAA may be subject to a civil violation of up to $500. 1 M.R.S.A. §410. The Law Court has held that "only the Attorney General or his representative may enforce the Freedom of Access Act by seeking the imposition of a fine pursuant to §410." *Scola v. Town of Sanford*, 1997 ME 119, ¶7, 695 A.2d 1194, 1195. At this time, it is unclear whether the Town possesses any employee policies that it has not produced; therefore, it cannot be said that the Town violated the FAA. But even if there was a violation, Jimmo is a private individual; thus, she may not pursue a forfeiture against the Town.

Jimmo does make a persuasive argument that allowing a private person to enforce the forfeiture section in public document cases is consistent with the policy behind the FAA. At this time, however, the legislature has provided aggrieved private parties a right of appeal as their limited remedy, and altering the statutory remedy is a decision that rests with the legislature, not the courts.

### 4. Should Jimmo be awarded her attorney's fees?

Attorney's fees may be awarded for a party's "abuse of the litigation process." *Baker v. Manter*, 2001 ME 26, ¶14, 765 A.2d 583, 585. The Law Court has held that an award of attorney's fees is only appropriate where "certain egregious conduct" has occurred, and that sanctions "should be sparingly used." *Linscott v. Foy*, 1998 ME 206, ¶¶16-17, 716 A.2d 1017, 1021. In *Linscott*, the Court only awarded attorney's fees

following the defendant's ongoing refusal to abide by a court order. 1998 ME 206 at ¶17, 716 A.2d at 1021.

In this case, the Town has demonstrated why it reasonably believed it was not required to produce the documents it withheld. Although the Town took longer than the statutorily prescribed period to respond to Jimmo, this is not the sort of "egregious conduct," like the willful misconduct in *Linscott*, that the Law Court found warranted an award of attorney's fees, nor is it "abuse of the litigation process." Jimmo's request for fees is denied.

This 80B appeal is DENIED insofar as it requests the confidential records of ongoing disciplinary matters pertaining to Town employees, and GRANTED insofar as it requests general employee policy information that the Town has not already produced, if any exists.

Dated:        September 26, 2006

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
JACK HUNT ESQ
PO BOX 772
KENNEBUNK ME   04043

DEFENDANT:
DANIELLE WEST-CHUHTA ESQ
DURWARD PARKINSON ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658