STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-09-55
GAP - YOR - 12/5/2010

JOHN M. COSTIN,

Plaintiff

v.                                                    ORDER

TOWN OF KENNEBUNK BOARD
OF SELECTMEN

and

BARRY A. TIBBETTS, TOWN MANAGER,
TOWN OF KENNEBUNK,

Defendants

## BEFORE THE COURT

Before the court is an action pursuant to M.R. Civ. P. 80B against Defendants, the Town of Kennebunk Board of Selectmen and the Town Manager, Barry A. Tibbetts. The issue in this case is whether the Board of Selectmen and the Town Manager violated the Freedom of Access Act, codified at 1 M.R.S. §§ 401-410 (2009), and the Town of Kennebunk Charter. Following hearing, the appeal will be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2009, Defendants, the Town of Kennebunk Board of Selectmen (the "Board") and the town manager, Barry Tibbetts ("Tibbetts") (collectively, the "Defendants"), held a public meeting to confirm the appointment of a Director of Community Development ("DCD"). The position is a new staff position. The salary of the former Assistant Town Planner and portions of the salary budgeted for the Assistant Code Enforcement Officer were used to fund the salary for the new position.

Tibbetts chose the former Assistant Town Planner to fill the new position. (R. at 16.) The Board unanimously approved the appointment at the town meeting. (R. at 19.) The Board appointed the DCD until June 30, 2010, when it reviews all of the department heads for reappointment. (*Id.*)

The Defendants discussed the new position during an executive session held on November 14, 2009. According to the minutes of the prior public hearing, the purpose of the executive session was to "Discuss Salaries and Benefits (Title 1 § 405.6.A.)." (R. at 27.) However, the Board also discussed consolidating existing but vacant town positions into the DCD position, the DCD's duties and responsibilities, and compensation. (R. at 16, 18.) The Board reallocated funds to compensate the DCD; it did not appropriate additional funds. (R. at 18-19.)

Plaintiff John M. Costin ("Mr. Costin") is a resident of the Town of Kennebunk and member of the Town of Kennebunk Budget Board who attended the November 24, 2009 town meeting. At the town meeting, Mr. Costin questioned the Board's authority to create a new position and reallocate town funds for the DCD. (R. at 18-19.) The Board asserted authority under 1 M.R.S. § 405(6)(A) of the Maine Freedom of Access Act ("FOAA"), which allows for executive sessions to discuss confidential issues surrounding employment, appointment, and compensation. (R. at 19.) Tibbetts asserted authority under the town charter. (R. at 18-19.)

Mr. Costin filed a Complaint with the court on December 24, 2009 pursuant to M.R. Civ. P. 80B. Mr. Costin contends that the Board's decision to create a new job position and reapportion funds for salary was an official action that took place without a public hearing in violation of FOAA. Mr. Costin also claims that the Defendants exceeded their authority under the Town of Kennebunk Charter ("Charter"). Mr. Costin asks this court to declare null and void the Board's decision to create a new

2

position and fund the position from the Town's budget.[1]  Defendants, in addition to their Rule 80B brief, move to dismiss Mr. Costin's Complaint.

## DISCUSSION

### I.    Violation of FOAA

Mr. Costin's FOAA claim is moot if there is no relief that this court can order at this time.  "Courts can only decide cases before them that involve justiciable controversies." *Lewiston Daily Sun v. School Administration District No. 43*, 1999 ME 143, ¶ 12, 738 A.2d 1239, 1242.  "'Justiciability requires a real and substantial controversy, admitting of specific relief through a judgment of conclusive character....'" *Id.* (*quoting Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1379 (Me. 1996) (internal quotations omitted)).  This court will look at the situation at the time it is presented, not when the first action is filed. *Cohen v. Ketchum*, 344 A.2d at 393 n. 4, 394 n. 6.

In this case, the Board's allegedly illegal appointment ended on June 30, 2010 and this court cannot return the reallocated funds to the town treasury.  (R. at 12, 31.) Accordingly, this court finds that '"there remain[s no] sufficient practical effects flowing from the resolution of [the] litigation to justify the application of limited judicial resources.'" *Smith v. Hannaford Bros. Co.*, 2008 ME 8, ¶ 6, 940 A.2d 1079, 1081 (*quoting Lewiston Daily Sun*, 1999 ME 143, ¶ 14, 738 A.2d at 1243).  Therefore, this court finds that Mr. Costin's FOAA claims are moot.[2]

---

[1]    Plaintiff's request for a $500 penalty under 1 M.R.S. § 410 is improper.  Only the Attorney General or his representative may seek civil penalties. *Scola v. Town of Sanford*, 1997 ME 119, ¶7, 695 A.2d 1194, 1195.

[2]    The court is mindful that FOAA is intended to ensure that legislative proceedings remain open to the public. 1 M.R.S. § 401; see *Bird v. Old Orchard Beach*, 426 A.2d 370, 375 (Me. 1987). The FOAA specifically enumerates the limited topics that may be discussed in executive session. See 1 M.R.S. § 405(6). Additionally, "[a] motion to go into executive session must indicate the *precise nature* of the" matters to be discussed off the record, and only those matters may be considered. 1 M.R.S. § 405(4)–(5). The court has serious doubts that a notice captioned "Discuss Salaries and Benefits" provides the type of precision envisioned by the Legislature when it enacted FOAA.  However, even if this were held to

## II.    Violation of the Town Charter

Mr. Costin lacks standing to bring a claim for violation of the Charter. The question of whether a party has standing depends on the provisions of the Charter. *See e.g., Nergaard v. Town of Westport Island,* 2009 ME 56, ¶ 12, 973 A.2d 735, 739. Here, there is no specific provision in the Charter or other statute that gives Mr. Costin a right to sue under these facts. Additionally, claims brought under Rule 80B require a showing of special or particularized injury. *See e.g., Friends of Lincoln Lake v. Town of Lincoln,* 2010 ME 78, ¶ 8, 2010 Me. LEXIS 81, *6-7. Mr. Costin does not argue that he has suffered any particularized injury distinct from that of other citizens in Kennebunk. Absent any allegations that the Charter gives him the right to sue and that his injury is special to him and not the public as a whole, the court concludes that Mr. Costin does not have standing to bring this claim.

## CONCLUSION

The complaint will be Dismissed.

Dated: __10/5/10__

G. Arthur Brennan
Justice, Superior Court

Plaintiff:
John Costin, Pro se
11 Dane Street
Kennebunk, ME 04043

Defendant's Attorney:
William Dale, Esq.
Jensen, Baird, Gardner & Henry
P.O. Box 4510
Portland, ME 04112

---

violate FOAA, the court could not offer any effective relief under the circumstances because the town has approved a new budget for a new fiscal year.