2012 ME 113

**Nancy B. RAMSEY**

v.

**BAXTER TITLE COMPANY et al.**

Supreme Judicial Court of Maine.

Argued: Sept. 11, 2012.

Decided: Oct. 4, 2012.

Mark A. Kearns, Esq. (orally), and Mark L. Randall, Esq., Portland, for appellant Nancy B. Ramsey.

William H. Leete Jr., Esq. (orally), and Taylor D. Fawns, Esq., Leete & Lemieux, P.A., Portland, for appellees Baxter Title Company and James R. Lemieux.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.*

* Saufley, C.J., sat at oral argument but did not participate in the development of the opinion.

MEAD, J.

[¶ 1]   Nancy B. Ramsey appeals from the judgment of the Superior Court (Cumberland County, *Crowley, J.*) granting the motion of Baxter Title Company and James R. Lemieux to dismiss Ramsey's first amended complaint for failure to state a claim upon which relief can be granted. Ramsey argues that her complaint sufficiently states claims for breach of fiduciary duty and duty of care and for punitive damages arising from a real estate closing transaction.  We affirm the judgment.

## I.  BACKGROUND

[¶ 2]   In reviewing a trial court's decision on a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), we view the facts alleged in the complaint as if they were admitted. *See Doe v. Graham*, 2009 ME 88, ¶¶ 2–3, 977 A.2d 391.  In July 2006, Nancy Ramsey considered purchasing an apartment building to supplement her personal income.  Ramsey sought guidance from a mortgage broker she had worked with in the past, Al Staples, who assured her that he would advise her as to what was best for her financially.  Staples encouraged Ramsey to purchase an apartment building because he could obtain "a great loan" for her secured by the equity in her primary residence.

[¶ 3]   Ramsey located an apartment building and signed a purchase contract. Staples procured a financing package through Option One Mortgage Corporation for Ramsey, but she questioned the high adjustable interest rate.  Staples assured her that this was the best loan he could procure for her.  Unbeknownst to Ramsey, Option One Mortgage Corporation had an incentive program that encouraged mortgage brokers to place borrowers in high-priced loans even if they qualified for

a lower-priced loan. Staples did not disclose to Ramsey that the higher-priced financing packages produced additional income for the broker who handled the transaction.

[¶ 4] Attorney James Lemieux, through his title company, Baxter Title, conducted the closing on Ramsey's purchase of the apartment building. Ramsey did not select Baxter Title Company or Lemieux to close the loan. At the closing, Lemieux provided Ramsey with "very quick, brief, alleged summaries of the documents" she eventually signed. Lemieux failed "to fully and completely explain" to Ramsey the broker's incentive program. Lemieux also failed to "fully and completely explain all [of] the documents" Ramsey signed at closing and that she risked losing her home as a result of the transaction.

[¶ 5] Ramsey filed an amended complaint on September 18, 2009, seeking both compensatory and punitive damages, against Al Staples, Baxter Title Company, and James Lemieux, among others. Ramsey alleged that Baxter Title and Lemieux owed her a fiduciary duty and duty of care regarding the loan and mortgage transaction, even though they represented the lender. Baxter Title and Lemieux filed a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), which the trial court granted. Ramsey's timely appeal followed.

## II. DISCUSSION

### A. Fiduciary Relationship

[¶ 6] Ramsey argues that the facts alleged in her complaint establish a fiduciary relationship between her and Lemieux and Baxter Title. We "review de novo the legal sufficiency of a complaint when it has been challenged by a motion to dismiss." *McCormick v. Crane*, 2012 ME 20, ¶ 5, 37 A.3d 295. The complaint is viewed "in the light most favorable to the

plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quotation marks omitted); *Richardson v. Winthrop Sch. Dep't*, 2009 ME 109, ¶ 5, 983 A.2d 400 ("A complaint is properly dismissed when it is beyond doubt that the plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim.") (quotation marks omitted). To survive a motion to dismiss, the plaintiff must allege facts " 'with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship.' " *Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, ¶ 30, 871 A.2d 1208 (quoting *Bryan R. v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, 1999 ME 144, ¶ 21, 738 A.2d 839). Reciting the basic elements of a fiduciary relationship "cannot substitute for an articulation in the complaint of the specific facts of a particular relationship." *Bryan R.*, 1999 ME 144, ¶ 22, 738 A.2d 839; *see KeyBank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶ 31, 758 A.2d 528.

[¶ 7] The elements of a fiduciary relationship are "(1) the actual placing of trust and confidence in fact by one party in another, and (2) a great disparity of position and influence between the parties at issue." *Bryan R.*, 1999 ME 144, ¶ 19, 738 A.2d 839 (quotation marks omitted). Here, Ramsey's complaint merely recites in conclusory fashion the elements of a fiduciary relationship. For example, Ramsey alleges Baxter Title and Lemieux "had a duty" to her, "had a confidential and special relationship" with her, and "had certain fiduciary duties" to her.

[¶ 8] Ramsey's complaint does not expressly allege that she actually placed trust or confidence in Lemieux and Baxter Title, and her bare allegations that she "had inferior knowledge and experience"

and "relied upon" Lemieux and Baxter Title are insufficient to satisfy the requirement that she actually placed trust or confidence in the defendants. *See Stewart v. Machias Sav. Bank,* 2000 ME 207, ¶ 11, 762 A.2d 44 ("[A]n allegation of one party's inexperience or trust will not by itself warrant an adjudication of a confidential relation without a statement of the facts indicating the actual placing of confidence and trust, and the abuse of the relation.") (quotation marks omitted). She did not select Lemieux or Baxter Title as the closing agent; her entire relationship with Lemieux and Baxter Title was limited to their participation at the closing, at which Ramsey alleges Lemieux merely summarized the documents. *See Brae Asset Fund, L.P. v. Adam,* 661 A.2d 1137, 1140 (Me. 1995) (There is no fiduciary duty "[where debtor] did not have a long-term relationship of trust with the [creditor], and the scope of their relationship was limited to the loans....") (quotation marks omitted).

[¶ 9] To establish the element of disparity of position and influence, Ramsey "must demonstrate diminished emotional or physical capacity or ... the letting down of all guards and bars." *Stewart,* 2000 ME 207, ¶ 11, 762 A.2d 44 (quotation marks omitted). Although Ramsey alleges that she was motivated by her financial and personal situation in purchasing the apartment building, her complaint does not allege that Baxter Title or Lemieux knew the details of her situation. *See Fortin,* 2005 ME 57, ¶ 32, 871 A.2d 1208 (finding a fiduciary relationship between an altar boy and parochial school student and the Catholic Diocese when the child claimed his "parents' illness was known to the Diocese and limited their involvement in raising him.").

[¶ 10] We will not impose fiduciary duties based on arms-length business relationships alone. *See Brae Asset Fund, L.P.,* 661 A.2d at 1140; *Camden Nat'l Bank v. Crest Constr., Inc.,* 2008 ME 113, ¶¶ 15–16, 952 A.2d 213; *KeyBank Nat'l Ass'n,* 2000 ME 153, ¶ 31, 758 A.2d 528; *Stewart,* 2000 ME 207, ¶ 11 & n. 1, 762 A.2d 44. Ramsey's complaint establishes only that Baxter Title and Lemieux played an essentially mechanical role in closing a deal negotiated by Ramsey with Staples and the sellers; it does not allege the kind of close, confidential relationship necessary for a court to find the existence of a fiduciary duty.

**B.  Tortious Conduct**

[¶ 11] Ramsey also alleges that Baxter Title and Lemieux owed her a duty of care to explain to her that the loan was more favorable to the lender than to her. Lemieux owed Ramsey no such duty. Indeed, disclosing that the loan was more favorable to the lender may well have conflicted with the duties Lemieux owed to his client, the lender. *See Lamare v. Basbanes,* 418 Mass. 274, 636 N.E.2d 218, 219 (1994) ("[T]he court will not impose a duty of reasonable care on an attorney if such an independent duty would potentially conflict with the duty the attorney owes to his or her client.").

The entry is:

Judgment affirmed.