STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13-40
JCN -CuM - 12/6/2013

|                                   |     |                          |
| --------------------------------- | --- | ------------------------ |
| PORTLAND PIRATES, LLC,            | )   |                          |
|                                   | )   |                          |
| Plaintiff,                        | )   |                          |
|                                   | )   |                          |
| v.                                | )   |                          |
|                                   | )   | **DECISION AND ORDER**   |
| CUMBERLAND COUNTY                 | )   | (Motion to Dismiss)      |
| RECREATION CENTER a/k/a           | )   |                          |
| CUMBERLAND COUNTY CIVIC           | )   |                          |
| CENTER,                           | )   |                          |
|                                   | )   |                          |
| Defendant                         | )   |                          |
|                                   | )   |                          |

Defendant Cumberland County Recreation Center a/k/a/ Cumberland County Civic Center (Defendant or the Civic Center) moves, pursuant to M.R. Civ. P. 12(b)(6), to dismiss the complaint of Portland Pirates, LLC (Plaintiff or the Pirates), which complaint asserts four counts: breach of contract (Count I), breach of contract to negotiate in good faith (Count II), promissory estoppel (Count III), and declaratory judgment (Count IV). The basis of the Civic Center's motion is that the resolution approved by the Civic Center's Board of Trustees dated April 17, 2013, is not a binding agreement and cannot serve as the foundation for any of the Pirates' claims.

## Factual and Procedural Background

The following facts are drawn from Plaintiff's Complaint and are presumed to be true for the purposes of the motion. *See Johnston v. Me. Energy Recovery Co., Ltd. P'ship*, 2010 ME 52, ¶ 2, 997 A.2d 741. The Pirates is a Delaware limited liability company and American Hockey League franchise affiliated with the Phoenix Coyotes, a National Hockey League franchise based

1

in Phoenix, Arizona. (Compl. ¶¶ 1, 3.) The Civic Center is a body corporate organized under the laws of Maine that owns and operates the Cumberland County Civic Center (CCCC), a multipurpose sports and entertainment venue in Portland. (Compl. ¶¶ 2, 4.) The CCCC is currently undergoing renovation. (Compl. ¶ 7.) The Pirates have been the prime tenant at the CCCC since 1993. (Compl. ¶ 5.)

In the six months prior to April 2013, the Pirates and the Civic Center conducted extensive negotiations over the material terms of a long-term lease agreement. (Compl. ¶ 10.) In April 2013, the parties met and agreed upon the material terms of the parties' agreement. (Compl. ¶ 11.) At the April 17, 2013, Board Meeting, the Civic Center Trustees voted to approve all of the material terms of a long-term lease agreement with the Pirates. (Comp. ¶ 13.) There are at least 17 material terms within the resolution, including the length of the lease, annual base rent per game, and the division of revenue between the parties for ticket sales, advertisement, and concession sales, including alcohol. (Compl. ¶¶ 12-13.) With respect to advertising and concession sales, the agreement contemplated that the Pirates would receive 1) 57.5% of the revenue from the sale of food and beverages, including alcohol, for its games; and 2) 50% of revenue for above ice advertising. (Compl. ¶ 12.) The Civic Center agreed that it would negotiate in good faith with the Pirates on a final agreement that would include the agreed upon material terms. (Compl. ¶ 14.)

On May 14, 2013, the Civic Center provided a draft of the agreement that did not include all of the agreed upon material terms, most notably provisions regarding the division of revenue for advertising and concession sales of alcohol. (Compl. ¶ 15.) On June 17, 2013, the Civic Center told the Pirates for the first time that state law prohibited the Pirates from receiving revenue from the sale of alcohol and thus the Pirates could not receive that revenue. (Compl.

2

¶ 17.) In agreeing to share revenue from the sale of alcohol sold at hockey games the Civic Center represented that they had the authority to share the revenue with the Pirates. (Compl. ¶ 18.)

On or about June 26, 2013, the Civic Center, acting in bad faith and in continued breach of the material terms of the agreement reached in April, demanded that the Pirates accept 1) 65% of revenue from the sale of non-alcoholic food and beverages only, rather than 57.5% of both food and all beverages, including alcohol; and 2) no revenue from above ice advertising. (Compl. ¶¶ 19, 21.) On August 27, 2013, the Civic Center sent the Pirates an ultimatum demanding that the team accept the Civic Center's unilateral changes to the previously agreed upon material terms by 5:00 p.m. on August 29, 2013, or the Civic Center would presume that Pirates were relocating and undertake event planning for the dates previously reserved for hockey. (Compl. ¶ 22.) On August 29, 2013, the Civic Center stated publicly that it had no agreement with the Pirates. (Compl. ¶ 23.)

The Pirates filed their Complaint in Cumberland County Superior Court on September 6, 2013, along with a motion for a temporary restraining order. In its Complaint, the Pirates assert that "[t]he Portland Pirates and the Civic Center mutually agreed and mutually expressed consent to be bound by the material terms reflected in the vote taken by the Civic Center Trustees on April 17, 2013" and "[t]he material terms of their agreement were sufficiently definite to be enforceable." (Compl. ¶¶ 25-26.)

The matter was approved for transfer to the Business and Consumer Court on September 9, 2013, and the Pirates withdrew its motion for a temporary restraining on September 27, 2013. The Civic Center filed the present motion on October 8, 2013.

3

<u>Discussion</u>

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted." *Shaw v. S. Aroostook Cmty. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quotation marks omitted). "The complaint is viewed 'in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710 (quoting *McCormick v. Crane*, 2012 ME 20, ¶ 5, 37 A.3d 295). "The purpose of a complaint in modern notice pleading practice is to provide defendants with fair notice of the claim against them." *Shaw*, 683 A.2d at 503 (quotation marks omitted). "A complaint is properly dismissed when it is beyond doubt that the plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Richardson v. Winthrop Sch. Dep't*, 2009 ME 109, ¶ 5, 983 A.2d 400 (quotation marks omitted).

Here, the Civic Center maintains that in the Complaint, the Pirates have failed to assert an actionable claim for breach of contract.

> Pursuant to Maine contract law, an agreement is legally binding if the parties "mutually assented to be bound by all its material terms; the assent [was] manifested in the contract, either expressly or impliedly; and the contract [was] sufficiently definite to enable the court to determine its exact meaning and fix exactly the legal liabilities of the parties."

*Barr v. Dyke*, 2012 ME 108, ¶ 13, 49 A.3d 1280, 1286 (quoting *Stanton v. Univ. of Me. Sys.*, 2001 ME 96, ¶ 13, 773 A.2d 1045).

As referenced above, in Count I of the Complaint, Plaintiff has alleged that "[t]he Portland Pirates and the Civic Center mutually agreed and mutually expressed consent to be bound by the material terms reflected in the vote taken by the Civic Center Trustees on April 17,

2013" and "[t]he material terms of their agreement were sufficiently definite to be enforceable." (Compl. ¶¶ 25-26.) In addition, Plaintiff also set forth in its Complaint the specific "material terms" that were the subject of the April 17, 2013, vote of the Trustees. (Compl. ¶ 13.) Plaintiff thus asserted that the parties agreed upon the material terms of a binding agreement, which agreement Plaintiff alleges Defendant has breached. (Compl. ¶¶ 27-28.) These allegations, when "viewed 'in the light most favorable to the plaintiff . . . [set] forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710 (quoting *McCormick v. Crane*, 2012 ME 20, ¶ 5, 37 A.3d 295); *see also Stanton*, 2001 ME 96, ¶ 13, 773 A.2d 1045.

The Civic Center nevertheless maintains that the Court should dismiss the Complaint because the agreement upon which Plaintiff relies does not satisfy the statute of frauds and is thus unenforceable. *See* 33 M.R.S. § 51 (2012). The statute of frauds is an affirmative defense. M.R. Civ. P. 8(c). A party can raise an affirmative defense by a motion to dismiss if the facts giving rise to the motion are apparent on the face of the complaint. *Gray v. T.D. Bank. N.A.*, 2012 ME 83, ¶ 10, 45 A.3d 735. Whether a written agreement is necessary under the circumstances of this case and, if so, whether a writing that satisfies the statute of frauds exists are questions that the Court cannot determine at this stage of the proceedings. In other words, the applicability of the statute of frauds to preclude enforcement of the alleged agreement is not apparent on the face of the Complaint.[1]

In Count III of the Complaint, the Pirates assert a claim for promissory estoppel. In *Daigle Commercial Group, Inc. v. St. Laurent*, the Law Court reiterated that Maine has adopted the Restatement formulation of promissory estoppel:

---

[1] In Count II of the Complaint, Plaintiff alleges the breach of contract to negotiate in good faith. The Court's analysis regarding Count I of the Complaint is equally applicable to Count II.

5

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

1999 ME 107, ¶ 14, 734 A.2d 667 (citing *Panasonic Commc'ns & Sys. Co. v. State of Me.*, 1997 ME 43, ¶ 17, 691 A.2d 190, and RESTATEMENT (SECOND) OF CONTRACTS § 90(1) (1981)).

In this case, the Pirates allege that the Civic Center "promised that it would honor the material terms voted upon and approved at the April 17, 2013 Board Meeting, and further promised that it would negotiate in good faith with the . . . Pirates on the terms of the agreement"; "[t]he Civic Center should have reasonably expected its promise to induce the . . . Pirates to make all necessary business arrangements to play hockey at the [CCCC]"; and the "Pirates in fact did rely on the Civic Center's promises." (Compl. ¶¶ 36, 37, 38.) The Pirates have thus asserted the elements necessary to state a cause of action in promissory estoppel under Maine law.

Conclusion

Based on the foregoing analysis, the Court denies Defendant's Motion to Dismiss.[2]

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Order into the docket by reference.

Date: 12/6/13

Justice, Maine Business & Consumer Court

---

[2] In Count IV of the Complaint, Plaintiff "seek[s] a declaration that there exists a binding agreement between it and [Defendant]." (Compl. ¶ 42) Whether the parties entered into a binding agreement is a central issue in dispute in this case. Although Plaintiff has asserted a cause of action for breach of contract, Plaintiff nevertheless will have to establish the existence of a binding agreement. Plaintiff's request in Count IV, therefore, is consistent with Plaintiff's claims in Counts I and II. Accordingly, dismissal of Count IV is not warranted.

6

**Portland Pirates, LLC v. Cumberland County Recreation Center a/k/a Cumberland County Civic Center**
**BCD-CV-13-40**


**Portland Pirates, LLC**
  **Petitioners / Plaintiffs**

      Counsel:                    Harold Friedman, Esq.
                                  Verrill Dana LLP
                                  One Portland Square
                                  P.O. Box 586
                                  Portland, ME 04112


**Cumberland County Recreation Center a/k/a Cumberland County Civic Center**
  **Respondents / Defendants**

      Counsel:                    David Barry, Esq.
                                  Pierce Attwood
                                  Merrill's Warf
                                  254 Commercial Street
                                  Portland, ME 04101