STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-16-243 ✓

ERIC BERRY, et al.,

Plaintiffs

v.

CREATIVE BEGINNINGS
CHILD CARE CENTER, et al.,

Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office

SEP 0 1 2016

RECEIVED

ORDER ON DEFENDANTS'
MOTION TO DISMISS

Before the court is defendants Creative Beginnings Child Care Center and Kerry Falagario's motion to dismiss plaintiff Eric Berry's complaint. For the following reasons, the motion is granted in part and denied in part as to defendant Creative Beginnings and granted as to defendant Falagario.

FACTS

Defendant Creative Beginnings is a daycare business owned by defendant Falagario. (Pl.'s Compl. ¶ 7.) On February 11, 2011, plaintiff's youngest child, Devin, was in defendants' care. (Id. ¶ 8.) On the afternoon of February 11, plaintiff arrived at defendant Creative Beginnings to pick up Devin. (Id. ¶ 9.) He was accompanied by his two other children, Erica and Matthew. (Id. ¶ 10.) Erica and Matthew attempted to enter the daycare facility, but the access code they entered was denied. (Id. ¶ 11.) They were then let into the facility by another parent. (Id. ¶ 12.)

While plaintiff waited in the parking lot, defendant Falagario approached plaintiff and told him, within sight and earshot of other parents, children, and defendants' staff, that plaintiff could not be on defendant Creative Beginnings's

1

premises and could not pick up Devin. (Id. ¶ 13.) Inside the daycare facility, an employee of defendant Creative Beginnings separated Devin from Erica and Matthew, who were preparing Devin to leave. (Id. ¶¶ 14-15.) Plaintiff was told to leave the premises without Devin. (Id. ¶ 17.) As a result of defendants' actions, plaintiff and his children have suffered severe emotional distress, including strokes, sleep disorders, headaches, anxiety, stress, fear of separation, and gastrointestinal problems. (Id. ¶¶ 17, 25.)

After this incident, Devin's mother, Teresa Stanford, continued to place Devin in defendants' care. (Id. ¶ 18.) Plaintiff called defendants multiple times to ask why he was barred from the premises. (Id.) Plaintiff was repeatedly told that he could not be on the premises but was not given a reason. (Id. ¶ 19.) Two weeks later, defendant Falagario told plaintiff she had made a mistake and that plaintiff was allowed to pick up Devin. (Id. ¶ 20.) Defendants reactivated plaintiff's access code to the facility. (Id. ¶ 21.) Defendants did not inform the other parents or staff about the error. (Id. ¶ 26.)

On June 16, 2016, plaintiff filed a complaint individually and on behalf of Erica, Matthew, and Devin.¹ In the complaint, plaintiff alleged six causes of action against both defendants: count I, breach of contract (Eric Berry); count II, negligent infliction of emotional distress (Eric Berry and children); count III, intentional infliction of emotional distress (Eric Berry and children); count IV, defamation (Eric Berry); count V, false light (Eric Berry); and count VI, breach of fiduciary duty (Eric Berry and children). On July 7, 2016, defendants filed an answer and a motion to dismiss counts I, II, IV, V, and VI, as well as plaintiff's request for punitive damages. Defendants did not move to dismiss

---

¹ The parties have stipulated that the claims on behalf of Erica Berry are dismissed. (Pl.'s Opp'n to Mot. Dismiss 8.)

2

count III. Plaintiff opposed the motion on July 29, 2016. Defendants filed a reply on August 4, 2016.

### DISCUSSION

1. Standard of Review

When reviewing a motion to dismiss, the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. The court treats the facts in the complaint as admitted. Saunders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244.

2. Motion to Dismiss

   a. Count I, Breach of Contract

Defendants argue that the complaint does not set forth a cause of action for breach of contract because plaintiff was not a party to the contract entered into between Ms. Stanford and defendant Creative Beginnings to register Devin for daycare services.[1] (Defs.' Mot. Dismiss 10-11; Ex. A to Mot. Dismiss.) Because plaintiff is not a party to the contract, he can sue for breach of contract only if the contracting parties intended that he have an enforceable right under the contract. Stull v. First Am. Title Ins. Co., 2000 ME 21, ¶ 17, 745 A.2d 975. The intent must be "clear and definite"; it is not enough that

---

[1] The court may consider the contract without converting the motion to dismiss to a motion for summary judgment because the contract is central to plaintiff's breach of contract claim and is referred to in plaintiff's complaint. (Pl.'s Compl. ¶¶ 30-37); see Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶¶ 8-10, 843 A.2d 43.

plaintiff benefitted or could have benefitted from performance of the contract. Devine v. Roche Biomedical Labs., 659 A.2d 868, 870 (Me. 1995).

Plaintiff may be able to make this showing by virtue of the fact that he is listed in the contract as "parent/guardian 2," a designation that appears to grant him certain rights. (Ex. A 2.) For example, the contract requires defendant Creative Beginnings to attempt to contact either parent 1 or parent 2 before calling emergency contacts. (Id. at 5.) Further, plaintiff may be able to show that the contracting parties had a clear and definite intent to allow him to pick up Devin from daycare, based on the fact that plaintiff had an access code to the facility. (Pl.'s Compl. ¶ 33.) Plaintiff's breach of contract claim, therefore, survives as to defendant Creative Beginnings.[3] Plaintiff cannot, however, recover from defendant Falagario because defendant Falagario was not a party to the contract. Mueller v. Penobscot Valley Hosp., 538 A.2d 294, 299 (Me. 1988).

b. Count IV, Defamation and Count V, False Light

Under Maine law, claims for defamation must be commenced within two years after the cause of action accrues. 14 M.R.S. § 753 (2015). Although section 753 does not explicitly include false light claims, the First Circuit has held that the two-year statute of limitation applies. Gashgai v. Leibowitz, 703 F.2d 10, 13 (1st Cir. 1983). Plaintiff concedes that his defamation and false light claims are time-barred. (Pl.'s Opp'n to Mot. Dismiss 4.)

c. Count VI, Breach of Fiduciary Duty

A fiduciary duty exists when the following elements are met: "(1) the actual placing of trust and confidence in fact by one party in another, and (2) a great disparity of position and influence between the parties at issue." Bryan R. v. Watchtower Bible &

---

[3] The fact that plaintiff has not joined Ms. Stanford as an indispensible party does not require dismissal because the court has the authority to order that she be joined. M.R. Civ. P. 19(a).

Tract Soc'y, Inc., 1999 ME 144, ¶ 19, 738 A.2d 839 (citation omitted). To survive a motion to dismiss, plaintiff must set forth specific facts that describe the relationship between the parties with sufficient particularity. Id. ¶ 21. Plaintiff's complaint states only that plaintiff placed trust and confidence in defendants and that a disparity of position and influence existed between the parties. (Pl.'s Compl. ¶¶ 75-83.) These generic statements do not provide sufficient detail to allow the court to determine whether a fiduciary duty existed between the parties. Compare Ramsey v. Baxter Title Co., 2012 ME 113, ¶¶ 7-9, 54 A.3d 710, with Fortin v. Roman Catholic Bishop of Portland, 2005 ME 57, ¶ 31, 871 A.2d 1208.

> d. Count II, Negligent Infliction of Emotional Distress

Maine law recognizes a duty to avoid emotional harm to others only when: (1) the plaintiff was a bystander to defendant's tortious conduct, (2) a special relationship existed between the parties, or (3) the defendant committed a separate tort for which emotional distress damages are recoverable. Curtis v. Porter, 2001 ME 158, ¶¶ 18-19, 784 A.2d 18. Because plaintiff's defamation, false light, and breach of fiduciary duty claims do not survive defendants' motion, and because plaintiff does not allege bystander liability, he must allege facts that could establish the existence of a special relationship.

Plaintiff argues that a special relationship exists between a daycare facility and the parents of children in the facility's care due to the "custodial arrangements" between the parties. (Pl.'s Opp'n to Mot. Dismiss 7.) The Law Court has never held that this type of relationship qualifies as a special relationship. See James v. GMAC Mortg. LLC, 772 F. Supp. 2d 307, 324 (D. Me. 2011) (Law Court's refusal to recognize special relationships other than physician-patient, psychotherapist-patient, and hospital-family of deceased); Curtis, 2001 ME 158, ¶ 19, 784 A.2d 18 (duty to avoid emotional harm to

5

others exists only in "very limited circumstances"). As a result, plaintiff's negligent infliction claim is subsumed in his intentional infliction claim.[·] Id. ¶ 22.

e. Punitive Damages

Punitive damages are not available for breach of contract claims. Drinkwater v. Patten Realty Corp., 563 A.2d 772, 776 (Me. 1989). To recover punitive damages on his intentional infliction of emotional distress claim, plaintiff must show "by clear and convincing evidence that the defendant acted with malice." Tuttle v. Raymond, 494 A.2d 1353, 1363 (Me. 1985). Malice exists where the defendant's conduct is motivated by ill will toward the plaintiff or is so outrageous that malice can be implied. Id. at 1361. Implied malice cannot be established by a defendant's "mere reckless disregard of the circumstances." Id. Plaintiff has not alleged facts that, if true, show that defendant Falagario's conduct was motivated by ill will or rose above recklessness. Indeed, plaintiff's complaint characterizes defendant Falagario's conduct as a "mistake" and an "error." (Pl.'s Compl. ¶¶ 20, 22.) Plaintiff therefore cannot recover punitive damages on his intentional infliction of emotional distress claim.

The entry is

> Defendants' Motion to Dismiss Count I is DENIED as to Defendant Creative Beginnings and GRANTED as to Defendant Falagario.
>
> Defendants' Motion to Dismiss Counts II, IV, V, and VI is GRANTED as to both Defendants Creative Beginnings and Falagario.

---

[·] Plaintiff's argument regarding the existence of a duty based on premises liability is not persuasive because plaintiff has not pleaded any cause of action related to premises liability. (Pl.'s Opp'n to Mot. Dismiss 7-8.)

6

Defendants' Motion to Dismiss Plaintiff's Claims for Punitive Damages is GRANTED as to both Defendants Creative Beginnings and Falagario.

Date:  September 1, 2016

Nancy Mills
Justice, Superior Court